UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

CHRISTIANA SUNSHINE LONGWAY, AND
BUENEAVENTURA RIVERA,

Case No.: 21 CV 03142
(CS) (JCM)

Plaintiffs,

-against-

**ANSWER TO
COMPLAINT**

THE SOCIETY FOR CREATIVE ANACHRONISM, INC.,
a/k/a "SCA" or "SCA, Inc.",

Defendant.
-------------------------------------------------------------------------X

Defendant, SOCIETY FOR CREATIVE ANACHRONISM, INCORPORATED, answering the complaint by its attorneys, MALAPERO PRISCO & KLAUBER LLP, respectfully sets forth:

1.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated as "1", "2", 4", "5", "6", "7", "10", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "31", "32", "33", "34", "35", "36", "37", "39", "40", "41", "42", "43" and "44" of the complaint.

2.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated as "3" of the complaint except admits that defendant SOCIETY FOR CREATIVE ANACHRONISM, INCORPORATED is a California non-profit corporation which maintained its principal place of business in Milpitas, California, and had a mailing address located at P.O. Box 360789, Milipitas, CA 95036-0789.

3.     Admits the allegations contained in the paragraphs designated as "8" and "9" of the complaint.

4.     Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated as "11" of the complaint except admits that

defendant SOCIETY FOR CREATIVE ANACHRONISM was founded on or about May 1, 1966 in Berkeley, California by a small group of people and incorporated in 1969.

5.   Denies each and every allegation contained in the paragraphs designated as "29", "30", "38", "45", "46", "47', '48", "49", "50", "51" and "52" of the complaint.

## ANSWERING COUNT I:

6.   Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "52," in response to paragraph "53" of the complaint, with the same force and effect as if same were more fully set forth herein.

7.   Denies each and every allegation contained in the paragraphs designated as "54", "55", "56", "57" and "58" of the complaint.

## ANSWERING COUNT II:

8.   Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "58," in response to paragraph "59" of the complaint, with the same force and effect as if same were more fully set forth herein.

9.   Denies each and every allegation contained in the paragraphs designated as "60", "61" and "62" of the complaint.

## ANSWERING COUNT III:

10.   Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "62," in response to paragraph "63" of the complaint, with the same force and effect as if same were more fully set forth herein.

11.   Denies each and every allegation contained in the paragraphs designated as "64", "65", "66", "67", "68", "69", "70" and "71" of the complaint.

## AS AND FOR A FIRST, SEPARATE, AND DISTINCT DEFENSE:

12.     That the plaintiffs have failed to state a cause of action upon which relief can be granted.

## AS AND FOR A SECOND, SEPARATE, AND DISTINCT DEFENSE:

13.     That the defendant, pursuant to CPLR Section 1412, alleges on information and belief, that if the plaintiffs sustained any injuries or damages as alleged in their complaint, such injuries or damages were as a result of the culpable conduct of the plaintiffs and/or because of the plaintiffs' assumption of risk.

14.     Should it be found, however, that the defendant is liable to plaintiffs herein, any liability being specifically denied, then the defendant alleges that if any damages are found, they are to be apportioned among the plaintiffs and the defendant according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

## AS AND FOR A THIRD, SEPARATE, AND DISTINCT DEFENSE:

15.     Any past or future costs or expenses incurred, or to be incurred, by the plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss that has been or may be replaced or indemnified, in whole or in part, from a collateral source as defined in CPLR Section 4545 shall not be recoverable from the defendant and the amount of such damages will be diminished by the amount of the funds which plaintiffs have or may receive from any such collateral source.

**AS AND FOR A FOURTH, SEPARATE,**
**AND DISTINCT DEFENSE:**

16. That the plaintiffs have failed to mitigate their damages.

**AS AND FOR A FIFTH, SEPARATE**
**AND DISTINCT DEFENSE:**

17.     While the defendant denies the plaintiffs' allegations of negligence and liability, any injury and damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which the defendant neither has control nor had the right to control, and for which acts or omissions the defendant is not legally responsible.

**AS AND FOR A SIXTH, SEPARATE**
**AND DISTINCT DEFENSE:**

18.     That defendant has no statutory or common-law duty to the plaintiffs.

**AS AND FOR A SEVENTH, SEPARATE,**
**AND DISTINCT DEFENSE:**

19.     That the liability of the defendant, if any, does not exceed fifty percent (50%) of the liability assigned to all persons, if any, and that the liability of the defendant, if any, for non-economic loss is limited pursuant to CPLR Article 16.

**AS AND FOR AN EIGHTH, SEPARATE,**
**AND DISTINCT DEFENSE:**

20. That the plaintiffs have failed to join all necessary parties.

**AS AND FOR A NINTH, SEPARATE,**
**AND DISTINCT DEFENSE:**

21.     Upon information and belief, this action is barred or limited by reason of expiration of the applicable statute of limitations, more specifically, the one year period set forth

in CPLR §215, the three year period set forth in CPLR §214, or such other federal limitation periods as may be applicable herein.

## AS AND FOR A TENTH, SEPARATE,<br>AND DISTINCT DEFENSE:

22.    That the plaintiffs lack standing to maintain this action.

## AS AND FOR AN ELEVENTH, SEPARATE,<br>AND DISTINCT DEFENSE:

23.    Upon information and belief, defendant has no liability to plaintiffs by reason of its activities and those of their agents, servants and/or employees having been performed at all times in good faith, with probable cause and without malice.

## AS AND FOR A TWELFTH, SEPARATE,<br>AND DISTINCT DEFENSE:

24.    Upon information and belief, defendant has no liability to plaintiffs by reasons of its activities and those of its agents, servants and/or employees performed at all times having at all times been subject to privilege.

## AS AND FOR A THIRTEENTH, SEPARATE,<br>AND DISTINCT DEFENSE:

25.    Upon information and belief, defendant has no liability to plaintiffs by reason of its activities and those of its agents, servants and/or employees having been with justification, without malice, without intent to cause harm or injury and without such conduct having exceeded that which was required under the circumstances there existing.

## AS AND FOR A FOURTEENTH, SEPARATE,<br>AND DISTINCT DEFENSE:

26.    Upon information and belief, that the complaint fails to adequately plead and set forth the date or dates and location of any alleged acts of wrongdoing by defendant, thus

depriving defendant of the ability to properly defend the action and assert appropriate affirmative defenses.

## AS AND FOR A FIFTEENTH, SEPARATE, AND DISTINCT DEFENSE:

27.     That the complaint fails to adequately plead or allege the specifics of any defamatory remarks allegedly made by defendant.

## AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

28.     Upon information and belief, that any statements or actions by Lettie Harris concerning plaintiffs as alleged herein were outside of the scope of any affiliation she may have had with defendant.

## AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

29.     Upon information and belief, that any communications with Child Protective Services were privileged communications made in good faith to protect the welfare of a child.

## AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

30.     Upon information and belief, that any actions taken by Child Protective Services were an intervening cause of any damage alleged by plaintiffs.

## AS AND FOR A NINETEENTH, SEPARATE, AND DISTINCT DEFENSE:

31.     That the gravamen of the complaint is intentional tort, not negligence.

## AS AND FOR A TWENTIETH, SEPARATE, AND DISTINCT DEFENSE:

32.     Upon information and belief, that disputes with defendant pursuant to its

by-laws are subject to mandatory arbitration or another form of dispute resolution.

**AS AND FOR A TWENTY-FIRST, SEPARATE,**
**AND DISTINCT DEFENSE:**

33.    Upon information and belief, that defendant is not liable for the conduct of local affiliates.

**AS AND FOR A TWENTY-SECOND, SEPARATE,**
**AND DISTINCT DEFENSE:**

34.    Upon information and belief, that as a California non-profit corporation, the conduct of defendant is not governed by New York law as alleged in plaintiff's third count or cause of action.

**AS AND FOR A TWENTY-THIRD, SEPARATE,**
**AND DISTINCT DEFENSE:**

35.    Upon information and belief, that plaintiffs have an adequate remedy at law or are otherwise not entitled to injuctive relief.

**WHEREFORE**, defendant SOCIETY FOR CREATIVE ANACHRONISM, INCORPORATED, demands judgment dismissing the complaint, together with the costs and disbursements of this action.

Dated:    New York, New York
          August 19, 2021

Yours, etc.

MALAPERO PRISCO & KLAUBER LLP

By: Andrew L. Klauber  (ALK 4718)
Attorneys for Defendant
SOCIETY FOR CREATIVE
ANACHRONISM, INCORPORATED
271 Madison Avenue, 17th Floor
New York, New York 10016
(212) 661-7300

TO:    PILSTERCOWAN LAW LLC
        Attorneys for Plaintiffs
        25 Bay State Road, Floor 2
        Boston, MA 02186
        (617) 586-0856
        Attention: Jason E. Tauches, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

CHRISTIANA SUNSHINE LONGWAY, AND
BUENEAVENTURA RIVERA,

                                Plaintiffs,

           -against-

THE SOCIETY FOR CREATIVE ANACHRONISM,
INC., a/k/a "SCA" or "SCA, Inc.",,

                         Defendant.
-----------------------------------------------------------------------X

Case No.: 21 CV 03142
(CS) (JCM)

NOTICE TO TAKE
DEPOSITION UPON
ORAL EXAMINATION

**COUNSELORS:**

        **PLEASE TAKE NOTICE,** that pursuant to Federal Rule of Civil Procedure 30, the testimony, upon oral examination of plaintiffs CHRISTIANA SUNSHINE LONGWAY and BUENEAVENTURA RIVERA as adverse parties, will be taken before a notary public who is not an attorney, or employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of consanguinity or affinity to any party herein, at the offices of MALAPERO PRISCO & KLAUBER LLP, One North Broadway, Suite 201, White Plains, New York 10601, on **October 20, 2021, at 10:00 a.m. in the forenoon of that day**, with respect to evidence material and necessary in the defense of this action and all of the relevant facts and circumstances in connection with the allegations in the complaint, including defamation, negligence, comparative negligence, liability and damages.

        That the said person to be examined is required to produce at such examination any and all reports, photographs, receipts, invoices, etc. relative to the above captioned action.

Dated:   New York, New York
          August 19, 2021

Yours, etc.

MALAPERO PRISCO & KLAUBER LLP

By: Andrew L. Klauber  (ALK 4718)
Attorneys for Defendant
SOCIETY FOR CREATIVE
ANACHRONISM, INCORPORATED
271 Madison Avenue, 17th Floor
New York, New York 10016
(212) 661-7300

TO:   PILSTERCOWAN LAW LLC
Attorneys for Plaintiffs
25 Bay State Road, Floor 2
Boston, MA 02186
(617) 586-0856
Attention: Jason E. Tauches, Esq.