# MALAPERO PRISCO & KLAUBER LLP

COUNSELORS AT LAW
271 MADISON AVENUE, 17ᵀᴴ Floor
NEW YORK, NEW YORK 10016-1023

RAYMOND J. MALAPERO*
JOSEPH J. PRISCO*
ANDREW L. KLAUBER*

CYNTHIA P. CAMACHO   MARY BETH HARMON
MARK A. BETHMANN†   STEPHANIE A. TEBBETT
THERESE A. EVANS    GEORGE L. MAHONEY
GLENN E. RICHARDSON (1952-2016)

JOHN J. PEPLINSKI        PETER IANNACE         BRIAN M. HEALY†
JEFFREY N. REJAN         JYOTI HALSBAND*       NICOLE G. LYALIN
VICKI S. LICATA          PATRICK LITTLE**      BEVERLY T. MCGRATH†
ROBERT L. EMMONS         ROSE STINGO**         AMANDA N. WALSH
MELANIE ROWAN-QUINN*     RICHARD TEER**        GARRIS L. WILLIAMS
WILLIAM B. CUNNINGHAM    JOHN J. CARUSO IV     DAVID A. KARLIN
FRANCIS B. MANN, JR.     KENNETH J. MASTELLONE

TELEPHONE: (212) 661-7300
FACSIMILE: (212) 661-7640
E-MAIL: defense@malaperoprisco.com

WESTCHESTER OFFICE
1 NORTH BROADWAY, Suite 201
WHITE PLAINS, NEW YORK 10601

NEW JERSEY OFFICE
MALAPERO, PRISCO, KLAUBER & LICATA LLP
PARAMUS PLAZA IV
12 N STATE ROUTE 17, SUITE 212
PARAMUS, NEW JERSEY 07652
TEL.: (201) 820-3488
FAX: (201) 820-3491

OF COUNSEL
THOMAS M. LICATA*

*ADMITTED IN NEW JERSEY
†ADMITTED IN CONNECTICUT
**ADMITTED IN NEW JERSEY ONLY

November 11, 2021

**VIA ECF**
Hon. Cathy Seibel
United States Courthouse
300 Quarropas Street, Room 621
White Plains, New York 10601

          Re:    Sunshine-Longway v. The Society for Creative Anachronism, Inc.
                  Docket: 21 CV 03142 (CS)
                  <u>Our File No.: 82-1360</u>

Dear Judge Seibel:

        We represent the defendant in the above-captioned action, wherein plaintiffs seek to amend the complaint (Docket No. 21). This correspondence is sent pursuant to the Court's Order of November 5, 2021 (Docket No. 22).

        Upon receipt of plaintiff's correspondence to the Court, we immediately telephoned plaintiffs' counsel to request that we be provided with the proposed amended complaint. However, as of the preparation of this correspondence, we have yet to receive same.

        It is noted that following receipt of the original complaint, our client's insurer issued a reservation of rights and it would be appropriate for us to provide the insurer with the proposed amended pleading prior to expressing any position with respect to same. More broadly, we do not see how we can take a position as to a pleading we have not seen.

        Our preliminary assessment is that the proposed amended complaint is without merit, as adding causes of action for alleged breach of contract and breach of the covenant of good faith (even if California law is deemed to apply) does not alter the fact that there was never any duty on the part of our client (under a tort or contract theory) to prevent members or others from contacting Child Protective Services concerning plaintiff Sunshine-Longway.

Hon. Kathy Seibel
*Sunshine-Longway v. The Society for Creative Anachronism, Inc.*
Page 2

That being said, we would prefer to avoid costly motion practice at this juncture and, once authorized by our client's insurer, merely interpose an answer to the amended complaint, raising appropriate affirmative defenses. We are willing to take this approach, as long as proceeding in that vein would not be deemed by the Court to be a waiver of our ability to move to dismiss or for summary judgment at a later date. (Our concern is that the Court seemed surprised that we did not appear in the action by way of a motion to dismiss.)

We note that we have spoken with plaintiff's counsel about informally exploring the possibility of a prompt disposition of this matter and he indicated an intention to discuss same with his clients.

Finally, we note that although we mailed our extensive automatic disclosure to the plaintiff on October 29, 2021 and supplemented same on November 4, 2021, we have yet to receive any automatic disclosure from the plaintiff. We have not served any document requests on the assumption that plaintiff's automatic disclosure will include all of the materials in plaintiffs' possession concerning the alleged involvement of Child Protective Services and any actions taken by said agency.

We trust that the foregoing adequately sets forth our position.

Respectfully submitted,

MALAPERO PRISCO & KLAUBER LLP

Jeffrey N. Rejan (JNR 1580)

JNR/ort

37U086102.DOCX