UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CHRISTIANA SUNSHINE LONGWAY, AND       Case No.: 21 CV 03142
BUENEAVENTURA RIVERA,       (CS) (JCM)

                      Plaintiffs,       **ANSWER TO**
      -against-       **AMENDED**
                                                        **COMPLAINT**
THE SOCIETY FOR CREATIVE ANACHRONISM, INC.,
a/k/a "SCA" or "SCA, Inc.",

                        Defendant.
------------------------------------------------------------------------X

        Defendant, SOCIETY FOR CREATIVE ANACHRONISM, INCORPORATED, answering plaintiffs' amended complaint (Document 25) by its attorneys, MALAPERO PRISCO & KLAUBER LLP, respectfully sets forth:

        1.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated as "1", "2", 4", "5", "6", "7", "10", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", "23", "24", "25", "26", "27", "28", "29", "32", "33", "34", "35", "36", "37", "40", "41", "42", "43", "44", "45", "46" and "47" of the amended complaint.

        2.    Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraph designated as "3" of the amended complaint except admits that defendant SOCIETY FOR CREATIVE ANACHRONISM, INCORPORATED is a California non-profit corporation which maintained its principal place of business in Milpitas, California, and had a mailing address located at P.O. Box 360789, Milpitas, CA 95036-0789.

        3.    Admits the allegations contained in the paragraphs designated as "8" and "9" of the amended complaint.

        4.    Denies having knowledge or information sufficient to form a belief as to the

allegations contained in the paragraph designated as "11" of the amended complaint except admits that the SOCIETY FOR CREATIVE ANACHRONISM was founded on or about May 1, 1966 in Berkeley, California by a small group of people and incorporated in 1969.

5. Denies each and every allegation contained in the paragraphs designated as "30", "31", "38", "39", '48", "49", "50", "51", "52", "53", "54" and "55" of the amended complaint.

## ANSWERING COUNT I:

6. Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "55" in response to paragraph "56" of the amended complaint, with the same force and effect as if same were more fully set forth herein.

7. Denies each and every allegation contained in the paragraphs designated as "57", "58", "59", "60" and "61" of the amended complaint.

## ANSWERING COUNT II:

8. Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "61" in response to paragraph "62" of the amended complaint, with the same force and effect as if same were more fully set forth herein.

9. Denies each and every allegation contained in the paragraphs designated as "63", "64" and "65" of the amended complaint.

## ANSWERING COUNT III:

10. Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "65" in response to paragraph

"66" of the amended complaint, with the same force and effect as if same were more fully set forth herein.

11. Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated as "67" and "68" of the amended complaint.

12. Denies each and every allegation contained in the paragraphs designated as "69" and "70" of the amended complaint.

## ANSWERING COUNT IV:

13. Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "70" in response to paragraph "71" of the amended complaint, with the same force and effect as if same were more fully set forth herein.

14. Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated as "72" and "73" of the amended complaint.

15. Denies each and every allegation contained in the paragraphs designated as "74" and "75" of the amended complaint.

## ANSWERING COUNT V:

16. Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "75" in response to paragraph "76" of the amended complaint, with the same force and effect as if same were more fully set forth herein.

17. Denies having knowledge or information sufficient to form a belief as to the allegations contained in the paragraphs designated as "78", "79" and "80" of the amended complaint.

18. Denies each and every allegation contained in the paragraphs designated as "77", "81" and "82" of the amended complaint.

### ANSWERING COUNT VI:

19. Defendant repeats, reiterates and realleges each and every denial as to the allegations set forth in the paragraphs designated as "1" through "82" in response to paragraph "83" of the amended complaint, with the same force and effect as if same were more fully set forth herein.

20. Denies each and every allegation contained in the paragraphs designated as "84", "85", "86", "87", "88", "89", "90", "91" and "92" of the amended complaint.

### AS AND FOR A FIRST, SEPARATE, AND DISTINCT DEFENSE:

21. That the plaintiffs have failed to state a cause of action upon which relief can be granted.

### AS AND FOR A SECOND, SEPARATE, AND DISTINCT DEFENSE:

22. That the defendant, pursuant to CPLR Section 1412, alleges on information and belief, that if the plaintiffs sustained any injuries or damages as alleged in their complaint, such injuries or damages were as a result of the culpable conduct of the plaintiffs and/or because of the plaintiffs' assumption of risk.

23. Should it be found, however, that the defendant is liable to plaintiffs herein, any liability being specifically denied, then the defendant alleges that if any damages are found, they are to be apportioned among the plaintiffs and the defendant according to the degree of responsibility that each is found to have for the occurrence, in proportion to the entire measure of responsibility for the occurrence.

### AS AND FOR A THIRD, SEPARATE, AND DISTINCT DEFENSE:

24. Any past or future costs or expenses incurred, or to be incurred, by the plaintiffs for medical care, dental care, custodial care or rehabilitative services, loss of earnings or other economic loss that has been or may be replaced or indemnified, in whole or in part, from a collateral source as defined in CPLR Section 4545 shall not be recoverable from the defendant and the amount of such damages will be diminished by the amount of the funds which plaintiffs have or may receive from any such collateral source.

### AS AND FOR A FOURTH, SEPARATE, AND DISTINCT DEFENSE:

25. That the plaintiffs have failed to mitigate their damages.

### AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE:

26. While the defendant denies the plaintiffs' allegations of negligence and liability, any injury and damages, if proven, were the result of intervening and/or interceding acts of superseding negligence and liability on the part of parties over which the defendant neither has control nor had the right to control, and for which acts or omissions the defendant is not legally responsible.

### AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE:

27. That defendant has no statutory or common-law duty to the plaintiffs.

### AS AND FOR A SEVENTH, SEPARATE, AND DISTINCT DEFENSE:

28. That the liability of the defendant, if any, does not exceed fifty percent (50%) of the liability assigned to all persons, if any, and that the liability of the defendant, if any, for non-economic loss is limited pursuant to CPLR Article 16.

### AS AND FOR AN EIGHTH, SEPARATE, AND DISTINCT DEFENSE:

29. That the plaintiffs have failed to join all necessary parties.

### AS AND FOR A NINTH, SEPARATE, AND DISTINCT DEFENSE:

30. Upon information and belief, this action is barred or limited by reason of expiration of the applicable statute of limitations, more specifically, the one year period set forth in CPLR §215, the three year period set forth in CPLR §214, or such other federal limitation periods as may be applicable herein.

### AS AND FOR A TENTH, SEPARATE, AND DISTINCT DEFENSE:

31. That the plaintiffs lack standing to maintain this action.

### AS AND FOR AN ELEVENTH, SEPARATE, AND DISTINCT DEFENSE:

32. Upon information and belief, defendant has no liability to plaintiffs by reason of its activities and those of their agents, servants and/or employees having been performed at all times in good faith, with probable cause and without malice.

### AS AND FOR A TWELFTH, SEPARATE, AND DISTINCT DEFENSE:

33. Upon information and belief, defendant has no liability to plaintiffs by reasons of its activities and those of its agents, servants and/or employees performed at all times having at all times been subject to privilege.

### AS AND FOR A THIRTEENTH, SEPARATE, AND DISTINCT DEFENSE:

34. Upon information and belief, defendant has no liability to plaintiffs by

reason of its activities and those of its agents, servants and/or employees having been with justification, without malice, without intent to cause harm or injury and without such conduct having exceeded that which was required under the circumstances there existing.

### AS AND FOR A FOURTEENTH, SEPARATE, AND DISTINCT DEFENSE:

35. Upon information and belief, that the complaint fails to adequately plead and set forth the date or dates and location of any alleged acts of wrongdoing by defendant, thus depriving defendant of the ability to properly defend the action and assert appropriate affirmative defenses.

### AS AND FOR A FIFTEENTH, SEPARATE, AND DISTINCT DEFENSE:

36. That the complaint fails to adequately plead or allege the specifics of any defamatory remarks allegedly made by defendant.

### AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

37. Upon information and belief, that any statements or actions by Lettie Harris concerning plaintiffs as alleged herein were outside of the scope of any affiliation she may have had with defendant.

### AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

38. Upon information and belief, that any communications with Child Protective Services were privileged communications made in good faith to protect the welfare of a child.

### AS AND FOR AN EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE:

39. Upon information and belief, that any actions taken by Child Protective Services were an intervening cause of any damage alleged by plaintiffs.

### AS AND FOR A NINETEENTH, SEPARATE, AND DISTINCT DEFENSE:

40. That the gravamen of the complaint is intentional tort, not negligence.

### AS AND FOR A TWENTIETH, SEPARATE, AND DISTINCT DEFENSE:

41. Upon information and belief, that disputes with defendant pursuant to its by-laws are subject to mandatory arbitration or another form of dispute resolution.

### AS AND FOR A TWENTY-FIRST, SEPARATE, AND DISTINCT DEFENSE:

42. Upon information and belief, that defendant is not liable for the conduct of local affiliates.

### AS AND FOR A TWENTY-SECOND, SEPARATE, AND DISTINCT DEFENSE:

43. Upon information and belief, that as a California non-profit corporation, the conduct of defendant is not governed by New York law as alleged in plaintiff's third count or cause of action.

### AS AND FOR A TWENTY-THIRD, SEPARATE, AND DISTINCT DEFENSE:

44. Upon information and belief, that plaintiffs have an adequate remedy at law or are otherwise not entitled to injunctive relief.

### AS AND FOR A TWENTY-FOURTH, SEPARATE, AND DISTINCT DEFENSE:

45. Upon information and belief, that plaintiffs are not persons subject to the

protections of New York Not-For-Profit Corporation Law §715(b), as referenced in the fifth and sixth counts or causes of action, that the statute is inapplicable due to the limitations contained in subsection (a) thereof, that the statute does not give rise to a private cause of action and/or that the statute is otherwise inapplicable herein.

### AS AND FOR A TWENTY-FIFTH, SEPARATE, AND DISTINCT DEFENSE:

46.     That under New York law, the complaint, inclusive of the second count or cause of action thereof, fails to set forth a viable claim for the negligent or intentional infliction of emotional distress.

**WHEREFORE**, defendant SOCIETY FOR CREATIVE ANACHRONISM, INCORPORATED, demands judgment dismissing the complaint, together with the costs and disbursements of this action.

Dated:  New York, New York
        December 10, 2021

                                              Yours, etc.

                                              MALAPERO PRISCO & KLAUBER LLP

                                              By: Andrew L. Klauber  (ALK 4718)
                                              Attorneys for Defendant
                                              SOCIETY FOR CREATIVE
                                              ANACHRONISM, INCORPORATED
                                              271 Madison Avenue, 17th Floor
                                              New York, New York 10016
                                              (212) 661-7300

TO:   PILSTERCOWAN LAW LLC
      Attorneys for Plaintiffs
      25 Bay State Road, Floor 2
      Boston, MA 02186
      (617) 586-0856
      Attention: Jason E. Tauches, Esq.