# MALAPERO PRISCO & KLAUBER LLP
COUNSELORS AT LAW
271 MADISON AVENUE, 17TH Floor
NEW YORK, NEW YORK 10016-1023

RAYMOND J. MALAPERO*
JOSEPH J. PRISCO*
ANDREW L. KLAUBER*

CYNTHIA P. CAMACHO   MARY BETH HARMON
MARK A. BETHMANN†    STEPHANIE A. TEBBETT
THERESE A. EVANS     GEORGE L. MAHONEY

GLENN E. RICHARDSON (1952-2016)

JOHN J. PEPLINSKI        FRANCIS B. MANN, JR.    BEVERLY T. MCGRATH†
JEFFREY N. REJAN         JYOTI HALSBAND*          AMANDA N. WALSH
VICKI S. LICATA          PATRICK LITTLE**         GARRIS L. WILLIAMS
ROBERT L. EMMONS         RICHARD TEER**           DOMINICK R. DALE
MELANIE ROWAN-QUINN*     BRIAN M. HEALY†          DAVID D. RYAN*†
WILLIAM B. CUNNINGHAM    NICOLE G. LYALIN         JULIAN S. MARTINEZ**

TELEPHONE: (212) 661-7300
FACSIMILE: (212) 661-7640
E-MAIL: defense@malaperoprisco.com

WESTCHESTER OFFICE

1 NORTH BROADWAY, Suite 201
WHITE PLAINS, NEW YORK 10601

NEW JERSEY OFFICE

MALAPERO, PRISCO, KLAUBER & LICATA LLP
PARAMUS PLAZA IV
12 N STATE ROUTE 17, SUITE 212
PARAMUS, NEW JERSEY 07652
TEL.: (201) 820-3488
FAX: (201) 820-3491

OF COUNSEL
THOMAS M. LICATA*

*ADMITTED IN NEW JERSEY
†ADMITTED IN CONNECTICUT
**ADMITTED IN NEW JERSEY ONLY

March 11, 2022

**VIA ECF**
Hon. Cathy Seibel
United States District Judge
United States Courthouse
300 Quarropas Street, Room 621
White Plains, New York 10601

        Re:    Sunshine-Longway v. The Society for Creative Anachronism, Inc.
                Docket: 21 CV 03142 (CS)
                Our File No.: 82-1360

Dear Judge Seibel:

        We represent the defendant in the above-captioned matter. We are writing to the Court concerning some significant issues which have arisen as to both the progress of discovery and the substance of this case or lack thereof.

        Our adversary previously acknowledged in writing of a need to supplement plaintiffs' prior disclosures concerning records associated with the N.Y.S. Office of Children & Family Services and the expenses allegedly incurred in renovating the home of plaintiff Sunshine-Longway. (To date, we have only received a single page addressed to the spouse of plaintiff Sunshine-Longway stating that the report of suspected child abuse or maltreatment was determined to be an "unfounded," and that the records have been sealed.) Plaintiff's counsel also acknowledged a need to provide records concerning the alleged harassment of plaintiff Sunshine-Longway.

        We are unaware if plaintiffs are in possession of any additional documents from the Office of Children & Family Services directing plaintiff to make modifications to her home, etc. It is clear that the Office of Children & Family Services will not identify the person who first reported the suspected child abuse, as contained in a sealed file. Furthermore, although plaintiffs referenced a claim for medical expenses, no medical records or authorizations have been furnished.

On another note, on January 27, 2022, when we attempted to call plaintiff's counsel, we were advised that plaintiff's counsel, Jason E. Tauches, Esq., was no longer associated with the firm of Piltser-Cowan Law, LLC but that he would continue to handle the case. No new contact information has been filed with the Court.

When we spoke with Mr. Tauches at a number provided by his former firm, he agreed to have a substantive conversation concerning all aspects of this matter on February 3, 2022 at 2:00 p.m. However, Mr. Tauches failed to honor the appointment.

When we finally did speak again on February 14, 2022, he agreed to continue our discussion later that week. However, we never heard from him thereafter.

Our current deadline for the completion of factual discovery is March 23, 2022. With significant document discovery still due from the plaintiffs, depositions have yet to be scheduled. Based upon all of the foregoing, coupled with the inherent weaknesses of this case, we have reassessed our strategy and request permission to move to dismiss the action pursuant to FRCP Rule 12(c).

As discussed during the initial conference in this matter, there does not appear to have been any duty on the part of the defendant to prevent persons who participated in activities sponsored by the defendant or its affiliates from contacting the Office of Children & Family Services concerning plaintiff's child. Furthermore, if plaintiff was required to make modifications to the family home as alleged, it means that some correction of conditions was required, even if it did not rise to the level of abuse or mistreatment.

Also as discussed, under New York Law, plaintiff's claim of the negligent infliction of emotional distress is not viable.

Plaintiffs' amended complaint added causes of action for breach of contract, breach of the implied covenant of good faith and violation of New York Non-Profit Corporations Law §715-b. With all due respect, this appears to be a shallow attempt to recast the allegations of the first two causes of action under different legal theories.

While the claim of both plaintiffs for injunctive relief in the plaintiff's sixth cause of action appears to be independent of the first two causes of action, it is our position that if the balance of the action is dismissed, the Court should decline to exercise jurisdiction over the claim for injunctive relief.

In the event that our motion to dismiss is denied or is only partially successful, the remaining document discovery and depositions can be scheduled to take place following receipt of the decision.

Hon. Kathy Seibel
*Sunshine-Longway v. The Society for Creative Anachronism, Inc.*
Page 3

        Based upon the foregoing, it is respectfully requested that the Court schedule a pre-motion conference in this matter. To that end, please be advised that the undersigned is unavailable on March 16, 18 and 24, 2022 but is otherwise generally available during the coming weeks.

        We thank the Court for its anticipated cooperation and attention concerning the above.

        Respectfully submitted,

        MALAPERO PRISCO & KLAUBER LLP

        *[signature]*

        Jeffrey N. Rejan (JNR 1580)

JNR/ort

38B830702.DOCX