# The Law Office of Jason Tauches
45 Prospect Street, Cambridge, MA 02139
Tel. (617) 230-4992 • Fax (617) 395-2736
jtauches@taucheslaw.com

March 16, 2022

*Via CM/ECF*
The Honorable Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re: *Sunshine-Longway et al v. The Society for Creative Anachronism, Inc*, Case No. 7:21-cv-03142-CS;  Response to Letter Request of March 11, 2022

Dear Judge Seibel,

      I represent Plaintiffs Christiana Sunshine-Longway and Buenaventura Rivera collectively ("Plaintiffs") in the above captioned matter.  This letter responds to the defendant's letter request of March 11, 2022, pursuant to your Honor's order, of March 11, 2022.

      Mr. Rejan's letter discusses several communication issues and discovery issues that seem to be ancillary to the thrust of their request to file a Motion to Dismiss pursuant to FRCP Rule 12(c). Mr. Rejan complains about a lack of discovery, but instead of asking to file a Motion to Compel or a Motion for Summary Judgment, he asks to file a FRCP 12(c) motion, a motion that does not depend on any discovery.

      Further, Mr. Rejan claims that he has not scheduled depositions due to the "significant document discovery still due from the plaintiffs," namely medical expenses and the identity of the caller to the Office of Children and Family Services. Plaintiffs have provided defendants with over nine-hundred documents, to include documents that contain the names and addresses of persons involved in the Child Protective Services ("CPS") case, and the names and addresses of persons with knowledge of the facts of the CPS case. Further, the documents mentioned by Mr. Rejan are only relevant to one of the two plaintiffs in the case, and only two of the six claims. Clearly, there is no bar to Mr. Rejan taking depositions in this case except for his own reluctance to do so.

      Plaintiffs are requesting the documents from the New York Statewide Central Register of Child Abuse and Maltreatment. However, Mr. Rejan is correct that any documents provided as part of that request will have the name of the reporter redacted.  Plaintiffs therefore request to file a motion, pursuant to FRCP 34(c) and 45, for this Court to order the Office of Children and

Family Services to produce unredacted copies of Plaintiff Sunshine-Longway's Child Protective Services file.

As to the merits of Mr. Rejan's request, Mr. Rejan is under the mistaken impression that the negligence claims rest solely upon the call to CPS. Nothing is further from the truth. As provided in the complaint, the call to CPS was one episode in an extended period of bullying and harassment endured by Plaintiff Sunshine-Longway perpetrated by members of the defendant organization, which the defendant organization had a duty to stop, but instead chose to ignore.

Mr. Rejan may choose to categorize the remaining claims as a "shallow attempt to recast the allegations of the first two causes of action under different legal theories;" however, a simple reading of the claims reveals that Mr. Rejan is making a gross mis-categorization. The claims for breach of contract, breach of the implied covenant of good faith and fair dealing, a violation of New York Corporations Law, and injunctive relief are inextricably linked. As such, in the event the Court does dismiss the first two claims subsequent to an FRCP 12(c) motion, counts three through six will remain.

I agree with Mr. Rejan that remaining document discovery and depositions need to be scheduled. However, the filing of an FRCP 12(c) motion is not the method to ensure their rescheduling. I would request that the Court simply extend the date for the conclusion of fact discovery.

Respectfully,

 /s/ Jason Tauches

Jason Tauches
Attorney for Christiana Sunshine-Longway and Buenaventura Rivera

Cc: Jeffrey Neil Rejan for the Society for Creative Anachronism via CM/ECF